# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| EDWIN SORIA | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO.: 3:20-CV-00221 |
| SUNSTATE EQUIPMENT CO., LLC, AND TERAX CORPORATION, | § § § § | |
| Defendants. | § § | |

## SUNSTATE EQUIPMENT CO., LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

## INTRODUCTION

1.  Pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1441(a), 28 U.S.C. §1441(b), and in compliance with 28 U.S.C. §1446, Sunstate Equipment Co., LLC ("Sunstate") timely removes this civil state court action brought by Edwin Soria ("Soria") to the United States District Court for the Western District of Texas, El Paso Division. The civil action is pending in El Paso County state district court and bears Cause No. 2020DCV1460; *Edwin Soria v. Sunstate Equipment Co., LLC et al.*; In the 327th Judicial District Court, El Paso County, Texas (the "State Court Action"). Soria has requested a jury.

2.  Removal to the United States District Court for the Southern District of Texas, El Paso Division, is proper because:

    a. Plaintiff states that he is a resident of El Paso County, Texas;

    b. Defendant Sunstate is a resident of Delaware with its principal place of business at 5552 East Washington St., Phoenix, Arizona 85034;

c. Sunstate's member, Sumitomo Corporation of Americas[1], is a resident of New York with its principal place of business at 300 Madison Avenue, New York, New York 10017;

d. Defendant Terex Corporation, believed to be improperly named as Terax Corporation, is a resident of Delaware with its principal place of business at 200 Nyala Farm Road, Westport, Connecticut 06880;

e. The District Court of the United States has original subject matter jurisdiction (diversity) of this action because (a) this is a civil action between citizens of different states; and (b) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs;

f. This Notice of Removal is filed within thirty (30) days after July 1, 2020, the date on which Soria served Sunstate with his Original Petition; and

g. The United States District Court for the Western District of Texas, El Paso Division, is the District Court of the United States for the District and Division embracing the place where the State Court Action was filed.

*See* 28 U.S.C. §1332 (a); 28 U.S.C. §1441(a); 28 U.S.C. §1441(b); 28 U.S.C. §1446(a); 28 U.S.C. §1446(b).

## STATEMENT OF GROUNDS FOR REMOVAL

**A.   Civil Action Between Citizens of Different States**

3. According to Plaintiff's live pleading, Plaintiff resides in El Paso County, Texas. *See* Exhibit "A" at ¶2.

4. Sunstate is a limited liability company incorporated in the State of Delaware. *See* Exhibit "B". Its principal place of business is its corporate headquarters located at 5552 East Washington St., Phoenix, Arizona 85034. Sunstate's member, Sumitomo Corporation of Americas, is incorporated in the State of New York. *See* Exhibit "C." Its principal place of business is its corporate headquarters located at 300 Madison Avenue, New York, New York 10017. Sunstate's citizenship is therefore Delaware, Arizona, and New York.

---

[1] SMS International Corporation, Sunstate's prior member, was merged and dissolved into Sumitomo Corporation of Americas.

5.     Terex Corporation ("Terex")[2] is a Delaware corporation.  *See* Exhibit "D."  Its principal place of business is its corporate headquarters located at 200 Nyala Farm Road, Westport, Connecticut 06880.  *See* Exhibit "E."  Plaintiff's live pleading admits that Terex "is a Connecticut Corporation."  Exhibit "A" at ¶3.  Terex's citizenship for the purpose of removal is Connecticut and Delaware.

6.     Because Soria is a citizen of a different state as compared to Sunstate and Terex, there is complete diversity of the parties for the purpose of removal.

**B.     The Matter in Controversy Exceeds $75,000 Exclusive of Interest and Costs**

7.     The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. §1446(2) states that "[i]f removal of a civil action is sought on the basis of [diversity] jurisdiction … the sum demanded in good faith in the initial pleading shall be determined to be the amount in controversy."  "When the plaintiff's complaint does not allege a specific amount of damages … jurisdiction will be proper if it is facially apparent from the plaintiff's complaint that their claims are likely above $75,000."  *E.g. Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003).  If the value is not apparent, the defendant can establish the amount in controversy by setting forth the facts alleged by the plaintiff.  *Id.*  "A court may make 'common-sense' inferences about the amount from the injuries and damages that the plaintiff pleaded."  *List v. PlazAmericas Mall Tex., LLC*, CV H-18-4810, 2019 WL 480130, at *2 (S.D. Tex. Feb. 7, 2019) (*citing Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015)).

8.     Despite the requirements of Texas Rule of Civil Procedure 47, Plaintiff does not plead his range of damages.  Plaintiff seeks damages for:

---

[2] Plaintiff names "Terax Corporation" instead of "Terex Corporation" in his Original Petition.  Sunstate assumes this is a misnomer and that Plaintiff intended to sue Terex Corporation.

- Past medical expenses
- Future medical expenses
- Past nursing services
- Future nursing services
- Other medical related expenses
- Past lost wages
- Future lost wages
- Past household duties
- Future household duties
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past emotional distress
- Future emotional distress
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Exemplary (punitive) damages

9. Plaintiff claims that he suffered serious and permanent injuries as a result of an injury from the use of heavy equipment. His alleged damages are extensive. It is apparent from the face of Plaintiff's pleading, his factual allegations, and the application of common sense, that his damages and the amount in controversy exceeds $75,000.

**C. Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. §1332(a)/Removal is Proper Pursuant to 28 U.S.C. §§1441(a) and 1441(b)**

10. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, the District Courts of the United States have original subject matter jurisdiction of this action. 28 U.S.C. §1332(a). Further, removal to the United States District Court for the Western District of Texas, El Paso Division, is appropriate as it is the district and division embracing the place where the original action is pending and is not the place of residence of Sunstate or Terex. 28 U.S.C. §§1441(a) and (b).

**D.     Removal is timely**

11.     Plaintiff served Sunstate with his Original Petition on July 1, 2020. Accordingly, this removal is timely filed within thirty-days.

## ATTACHMENTS

12.     Pursuant to 28 U.S.C. §1446(a), Sunstate attaches copies of the following:

   a.   An index of matters being filed (Exhibit "F");

   b.   A list of all parties in the case (Exhibit "G");

   c.   A civil cover sheet and supplemental civil cover sheet (Exhibit "H");

   d.   A copy of the state court docket sheet, a copy of all pleadings, and all process (Exhibit "I");

   e.   A list of all attorneys involved in the action (Exhibit "J");

   f.   A list of which parties have requested a jury trial (Exhibit "K");

   g.   The name and address of the court from which the case was removed (Exhibit "L"); and

   h.   Notice of Removal to the State Court (Exhibit "M").

## PENDING MOTIONS

13.     There are no pending motions.

## CONSENT

14.     Terex consents to removal. *See* Exhibit "N."

## NOTICE TO ADVERSE PARTIES/FILING WITH CLERK OF STATE COURT

15.     Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal Sunstate will give written notice of removal to all adverse parties and will file a copy of this Notice of Removal with the clerk of the 327th Judicial District Court – the court in which the State Court Action was filed.

## CONCLUSION

16. For the stated reasons, Sunstate Equipment Co., LLC removes the State Court Action to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

*/s/ Bijan R. Siahatgar*
**BIJAN R. SIAHATGAR**
SBOT 18336200
BSiahatgar@clarkhill.com
*Lead Counsel*

**COUNSEL FOR SUNSTATE EQUIPMENT CO., LLC**

*Of Counsel:*
**ADAM R. DIAMOND**
SBOT 24092344
2 Houston Center
909 Fannin Street, Suite 2300
Houston, Texas 77010-1036
Telephone: (713) 951-5600
Facsimile: (713) 961-5660
ADiamond@clarkhill.com
**CLARK HILL PLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of July, 2020, a true and correct copy of the above document was forwarded to all parties of record via ECF Electronic Filing, Electronic Mail, Certified Mail, Facsimile, Regular Mail and/or Hand Delivery:

*/s/ Bijan R. Siahatgar*
Bijan Siahatgar
