EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/01/2020
CT Log Number 537876368

TO: Garth Price, CFO
Sunstate Equipment Co., LLC
5552 E Washington St
Phoenix, AZ 85034-2134

RE: **Process Served in Texas**

FOR: Sunstate Equipment Co., LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWIN SORIA, PLTF. vs. Sunstate Equipment Co., LLC and Terax Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020DCV1460 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2020 at 12:08 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/01/2020, Expected Purge Date: 07/06/2020<br><br>Image SOP<br><br>Email Notification, Garth Price  gprice@sunstateequip.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Wed, Jul 1, 2020

**Server Name:**      Mauricio Segovia

**Location:**         Dallas, TX-DAL

| | |
|---|---|
| Entity Served | SUNSTATE EQUIPMENT CO., LLC |
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 2020DCV1460 |
| Jurisdiction | TX-DAL |



EXHIBIT A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **SUNSTATE EQUIPMENT CO., LLC**, which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM and/or any other authorized personnel at 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of May, 2020 by Attorney at Law, VICTOR J BIEGANOWSKI, 801 MYRTLE AVE STE 100 EL PASO TX 79901, in this case numbered **2020DCV1460** on the docket of said court, and styled:

## EDWIN SORIA
### VS
### SUNSTATE EQUIPMENT CO., LLC and TERAX CORPORATION

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Plaintiff's First Request for Production of Documents and Things to Defendant and Privilege Log, and Plaintiff's First Set of Interrogatories to Defendants** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of May, 2020.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _NORMA FAVELA BARCELEAU_   District Clerk
El Paso County, Texas

By: _____ , Deputy
JoAnn Acosta

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto   DELIVERED THIS ___ DAY OF _____

BY _____
PROCESS SERVER

EXHIBIT A

**RETURN**

Came on hand on _____ day of _____ ▪__ ▪ _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Plaintiff's First Request for Production of Documents and Things to Defendant and Privilege Log, and Plaintiff's First Set of Interrogatories to Defendants**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

EXHIBIT A

Filed 5/1/2020 12:47 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1460

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| EDWIN SORIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| SUNSTATE EQUIPMENT CO., LLC, and | § | |
| TERAX CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES EDWIN SORIA, (hereinafter referred to as "Plaintiff"), complaining of SUNSTATE EQUIPMENT CO., LLC (hereinafter referred to as Defendant "SUNSTATE") and TERAX CORPORATION (hereinafter referred to as Defendant "TERAX") and for cause of action shows unto the Court the following:

### I.  DISCOVERY LEVEL

1.  Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.  PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff, EDWIN SORIA is a resident of El Paso County, Texas and the last three digits of his driver's license are 937.

3.  Defendant, TERAX CORPORATION is a Connecticut Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent or other authorized officer or agent therein at 200 Nyala Farm Road, Westport, Connecticut 06880 and/or where-ever they may be found.

4.  Defendant, SUNSTATE EQUIPMENT CO., LLC is a business entity doing business in El
    Paso County, Texas and may be served with process by serving its registered agent or other
    authorized officer or agent therein at 8660 Castner Dr., El Paso, Texas 79907 and/or where-
    ever they may be found.

### III. JURISDICTION AND VENUE

a.  The subject matter in controversy is within the jurisdictional limits of this Court.

b.  This Court has jurisdiction over the parties because Plaintiff and at least one Defendant are
    Texas residents.

c.  Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas
    Civil Practice and Remedies Code because all or a substantial part of the events or
    omissions giving rise to this lawsuit occurred in El Paso County, Texas.

### IV.  BACKGROUND FACTS

5.  The injuries and damages suffered by Plaintiff and made the basis of this action arose out of
    an occurrence on or about January 23, 2020 in El Paso County, Texas while working for Texas
    Electrical Contractors LLS at a job site. On information and belief, the job site was a waterpark
    located at 13501 Jason Crandall Drive, El Paso, Texas 79938.

6.  At such time and place, Plaintiff EDWIN SORIA was working on the job site using a Terex
    Scissor Lift, which is also known as a Genie FR 20 Scissor Lift (hereinafter referred to as the
    "Scissor Lift"), which on information and belief, was manufactured, designed, distributed
    and/or placed into the stream of commerce by Defendant, TEREX.

7.  The design and purpose of the "Scissor Lift" was to allow workers to raise themselves to
    heights of approximately twenty-five (25) feet in order to complete their work. Defendant,

TEREX' promotional materials state the "Scissor Lift" product can raise a worker to working heights of approximately 25 feet for easing their work overhead or for maintenance.

8. On information and belief, the "Scissor Lift" product in issue was manufactured, designed, marketed and distributed by Defendant, TEREX. As manufactured, designed, and marketed, by the above-noted Defendant, it was foreseeable that a person or persons would be positioned in the "Scissor Lift" while the mechanism was operating within its operable height limits and would be exposed to risk of a sudden and unexpected fall of the "Scissor Lift," which was highly dangerous and involved a known and foreseeable extreme risk of harm to the workers, as any fall from the contraction from any height of the "Scissor Lift" is substantially certain to result in serious personal injury or potential death.

9. On information and belief, the Scissor Lift product in issue was inspected, repaired, and/or maintained by Defendant SUNSTATE. As SUNSTATE declared the equipment was safe to operate, it was foreseeable that a person or persons would be positioned in the platform withing operable heights on the "Scissor Lift" while the "Scissor Lift" mechanism was operating and they would be exposed to risk of a sudden and unexpected fall from the contracting "Scissor Lift," which was highly dangerous and involved a known and foreseeable extreme risk of harm to the workers, as any sudden and unexpected fall from any height of the contracting "Scissor Lift" is substantially certain to result in serious personal injury or potential death.

10. At the time of the incident, Plaintiff was working in the course and scope of his employment with his employer, Texas Electrical Corporation, LLC.

11. Pleading with more particularity, and based upon information known to Plaintiff at this time without the benefit of full and complete discovery, the "Scissor Lift" was dangerous, defective and unsafe for its intended and/or reasonably foreseeable uses and purposes at the time it left the control of and was sold and/or placed into the stream of commerce. The "Scissor Lift" was

manufactured, designed, marketed and distributed by Defendant TEREX. As manufactured, designed, marketed, and distributed by TEREX, a person positioned on the platform while the highly dangerous "Scissor Lift" mechanism was operating was exposed to risk of falling from a sudden and unexpected fall from operable heights of the "Scissor Lift," and it was foreseeable that persons would be positioned on the platform while the "Scissor Lift" was operating within elevated heights, which rendered the product defective and unreasonably dangerous.

## V. CAUSES OF ACTION

### A.    STRICT LIABILITY IN TORT

12. Plaintiff realleges the foregoing paragraphs.

13. The "Scissor Lift" product was in an unreasonably dangerous condition as designed, manufactured, marketed, assembled and/or placed into the stream of commerce by Defendants' TEREX and SUNSTATE, and was a producing cause of the complaint of occurrence and injuries sustained by Plaintiff in the occurrence made the basis of this suit. Said Defendants are strictly liable in tort and Plaintiff hereby invoke the doctrine of strict liability.

14. Said Defendants issued no warnings or instructions to potential users regarding such dangers, or in the alternative, any warnings issued were inadequate.

15. The "Scissor Lift" product was expected to and did reach Plaintiff without substantial change in the condition in which it was sold and/or distributed by Defendants.

16. Plaintiff was injured while using the "Scissor Lift" product in a manner in which it was intended by Defendants to be used. Pleading alternatively, and without waiving the foregoing, any alleged misuse of the product was foreseeable.

### B.    NEGLIGENCE (PRODUCT LIABILITY)

17. Plaintiff realleges the foregoing paragraphs.

EXHIBIT A

18. Pleading alternatively, and without waiving the foregoing, Plaintiff's injuries and damages were proximately caused by the negligence of Defendants' TEREX and SUNSTATE. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of said Defendants:

a) Negligent design.
b) Negligent manufacture.
c) Negligent marketing.
d) Negligent testing.
e) Negligent inspection.
f) Designing a product which was prone to contracting and falling from elevated heights.
g) Failing to design the "Scissor Lift" to insure it wouldn't injure operators in regular use.
h) Failing to warn of the danger of the "Scissor Lift."
i) Failing to provide labels on how to prevent the "Scissor Lift" from injuring its operator.
j) Representing the "Scissor Lift" was safe when it was not.
k) Negligent design of the "Scissor Lift."
l) Negligent manufacturing of the "Scissor Lift."
m) Negligent inspection of the "Scissor Lift."
n) Failure to recall the "Scissor Lift."
o) Advertising and representing the "Scissor Lift" was safe when it was not.
p) Failure to use due care in testing and inspecting the "Scissor Lift."
q) Failure to provide adequate warnings of the risk of accidents while using the "Scissor Lift."
r) Failure to warn Plaintiff of the risks associated with using the "Scissor Lift."
s) Failure to advise potential buyers and users of the hazards involved in the operation of the Scissor Lift.
t) Failure to supply safety equipment or devices to assure the "Scissor Lift" would operate safely.
u) Failure to keep reasonably informed and advised of available public and private reports, complaints, studies, statistics and other information concerning the type, nature and frequency of injury while using the "Scissor Lift" and the number, nature and severity of injuries and resulting from the same.
v) If Defendants claim to have such knowledge and information aforesaid, then the failure to act as a reasonably prudent manufacturer would act when so informed, to so design, market, manufacture and use such product which would eliminate or reduce the frequency or severity of such accidents and collisions and the injuries resulting from same.
w) Failure to discover the problems of using the product before supplying it to the public.
x) Negligent modification and/or repair of the "Scissor Lift."

## C.   NEGLIGENCE (WORKPLACE SAFETY)

19. Plaintiff realleges the foregoing paragraphs.

20. Pleading alternatively, and without waiving the foregoing, Plaintiff would show that his
damages and injuries were proximately caused by the negligence of Defendant SUNSTATE
and their employees, agents and representatives. Plaintiff would show that said Defendant
owed a duty to Plaintiff, that said Defendant breached that duty and that such breach was a
proximate cause of the injuries and the resulting damages to Plaintiff. Said Defendant, their
agents, representatives and employees were negligent by breaching their duty to Plaintiff in
one or more of the following ways:

   a) Failing to warn Plaintiff of the dangers.
   b) Failure to inspect.
   c) Negligence per se in violating OSHA standards Section 1926.20 1(b) by failing to do
   one or more of the following: (a) initiating and maintaining such programs as may be
   necessary to comply with OSHA safety law, (b) failing to have a competent person
   (as defined by OSHA) perform frequent and regular inspections of the equipment.
   d) Negligent failure to repair the "Scissor Lift."
   e) Negligent failure to maintain the "Scissor Lift."

21. One or more of the foregoing acts or omissions of said Defendant constituted negligence which
was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of
action. Further, one or more of the foregoing acts or omissions was a proximate cause of the
aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been
sustained but for the one or more of the foregoing acts or omissions.

## VI. DAMAGES

22. Plaintiff realleges the foregoing paragraphs.

23. As a direct result of the occurrence, Plaintiff, EDWIN SORIA, suffered bodily injuries. As a
further result of the accident and the injuries described above, Plaintiff has incurred expenses
for medical care, nursing services and attention and other expenses. These expenses incurred
were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges
made and to be made were the usual and customary charges for such services. Plaintiff will

EXHIBIT A

require further medical care, nursing-services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

24. Plaintiff, EDWIN SORIA, suffered lost wage-earning capacity in the past and will continue to suffer loss of wage-earning capacity in the future. Plaintiff was prevented from performing household duties and will be unable to perform household duties in the future.

25. Plaintiff, EDWIN SORIA, has suffered pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered and will continue to suffer disfigurement to his body. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

## VII. EXEMPLARY DAMAGES

26. Plaintiff would show that the acts and omission of Defendants were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. Plaintiff request the jury to award punitive damages.

## VIII. JURY DEMAND

27. Plaintiff respectfully requests trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and on final trial, Plaintiff has judgment against Defendants for all relief

EXHIBIT A

requested, attorney's fees, costs, pre-judgment and post judgment interest, punitive damages, and

for such other and further relief, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:       _/s/ Victor J. Bieganowski_
          **VICTOR J. BIEGANOWSKI**
          State Bar No. 02301100
          _Attorney for Plaintiffs_

EXHIBIT A

El Paso County - 327th District Court

Filed 5/1/2020 12:47 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1460

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

EDWIN SORIA                          §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §   Cause No. 2020-DCV-_____
                                     §
SUNSTATE EQUIPMENT CO., LLC, and     §
TERAX CORPORATION,                   §
                                     §
        Defendants.                  §

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

TO:     SUNSTATE EQUIPMENT CO., LLC

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rule of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

i

# EXHIBIT A

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is obscured by numerous unfounded objections is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By: ___/s/ Victor J. Bieganowski___
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Edwin Soria*

2

EXHIBIT A

## INTERROGATORIES

"Scissor Lift" is defined as the same or similar model Terex Scissor Lift, which is also known as a Genie FR 20 Scissor Lift.

1.    With regard to the "Scissor Lift" made the basis of this lawsuit state the following:
   a)  The name, address and telephone number of the person, firm or organization that designed it;
   b)  The name, address and telephone number of the person, firm or organization that manufactured it;
   c)  The name, address and telephone number of the person, firm or organization that tested it;
   d)  The name, address and telephone number of the person, firm or organization who inspected it before offering for sale;
   e)  The name, address and telephone number of the person, firm or organization who inspected it after sale, before delivery to the buyer;
   f)  The name, address and telephone number of the person, firm or organization who inspected it after delivery to the buyer;
   g)  The name, address and telephone number of the person, firm or organization who sold it;
   h)  The name, address and telephone number of the person, firm or organization who marketed it;
   i)  The name, address and telephone number of the person, firm, or organization who distributed it;
   j)  The name, address and telephone number of the person, firm or organization who repaired it, if any;
   k)  The name, address and telephone number of the buyer;
   l)  The date it was delivered to buyer;
   m)  Describe in detail all modifications and changes to the "Scissor Lift", the date of same, and the reason therefore.

### ANSWER:

2.    Describe any instructions provided to purchasers, users, employees, salesmen, repairmen, dealers or representatives of the "Scissor Lift" as to what should be done in order to safely repair, replace, correct or avoid/the risk of loss of steering control with the "Scissor Lift", or warn of any dangers? Include in your answer the name, address and phone number of the persons who gave such instructions and describe such instructions in detail.

### ANSWER:

3.    Describe in detail all warnings, notices, and similar items that were provided to consumers, users, salesmen, representatives and employees for the risk of loss of steering control with the "Scissor Lift."

### ANSWER:

3

4. Describe in detail any other claims, complaints, "Scissor Lift" liability claims, lawsuits, administrative correspondence and other notices that you have received where it was alleged that a "Scissor Lift" provided or sold by your company injured or killed a person, including the name, address and telephone number of the complainant and his attorney, nature of complaint, your response thereto, disposition of the claim, case number and court number.

**ANSWER:**

5. State precisely each and every act or omission on the part of each person that you contend was negligence and which was also a proximate cause or producing cause of the occurrence made the basis of this suit.

**ANSWER:**

6. With regard to the "Scissor Lift," please describe the following information and the names, addresses and telephone numbers of all persons within your organization who are thoroughly knowledgeable or who you hold out as knowledgeable on the following subjects:

a) The design, manufacture, warnings and specifications of the "Scissor Lift;"
b) Any and all testing of the "Scissor Lift;"
c) Any and all film or written reports of any tests that depict potential problems with operating the "Scissor Lift;"
d) Any and all changes in the "Scissor Lift" to the present date which involve movement of the "Scissor Lift;"
e) How the occurrence made the basis of this suit took place;
f) The physical condition of any tangible thing that is or ever has been a part of the "Scissor Lift" made the basis of this lawsuit and how such physical condition relates to explaining how the occurrence made the basis of this lawsuit took place or how Plaintiff sustained his injuries.

**ANSWER:**

7. Did Defendant or any agent or employee of the Defendant ever receive a complaint or notification concerning the existence of any alleged danger in the "Scissor Lift." If affirmative, please state:

a) When did the Defendant or any agent or employee of Defendant first receive a complaint or notification of the existence of such alleged condition, giving the date and time;
b) How, when and by whom (name, address and phone number) did the Defendant or any agent or employee of the Defendant learn of the existence of such condition?
c) What action or actions, if any, the Defendant or any agent or employee of the Defendant took to remove, repair or correct such condition so as to safeguard any user of the "Scissor Lift".

**ANSWER:**

4

**8.** Has any person ever conducted any recall campaign, operation, program or activity which involve the "Scissor Lift?" If the answer is in the affirmative, please state and describe in complete detail each such recall campaign, operation, program or activity, including, but not limited to such information as:

a) The exact date of the announcement or beginning of the campaign or operation.
b) The purpose of the campaign or operation in the terms of potential or real defects sought to be checked and/or corrected.
c) The types or models of "Scissor Lift"s involved in the campaign or operation.
d) The number of "Scissor Lift"s of each type referred to in subsection (C) sought to be examined and/or corrected.
e) The number of "Scissor Lift"s of each type actually examined and/or corrected.
f) The name, address and date that any government entity issued or considered issuing a recall for this "Scissor Lift".

## ANSWER:

**9.** If Defendant, the manufacturer, any dealer, representative or any entity on behalf of Defendant or any other person ever conducted testing of such "Scissor Lift", or is aware of any such testing, television programs, documentaries, reports or other research of the "Scissor Lift" or similar "Scissor Lift" to evaluate the "Scissor Lift" for defective conditions, then answer the following:

a) State the name, address and phone number of the person or persons, firms, entities or companies who are thoroughly knowledgeable about such testing.
b) Produce and attach hereto copies of the results of any and all such tests, testing or evaluation.
c) The results of such testing.

## ANSWER:

**10.** Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

## ANSWER:

**11.** State the name, address, phone number and qualifications of each person whom you may call as an expert witness to trial, the subject matter on which the expert witness is expected to testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

5

EXHIBIT A

**ANSWER:**

12.     State the names, addresses and phone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit and a summary of the facts known to each.

**ANSWER:**

13.     Describe with particularity this Defendant, and net worth for this Defendant.

**ANSWER:**

14.     Have you made any changes or modifications to the design, inspection, construction or maintenance procedures of the "Scissor Lift"? If affirmative, please state:

   a) The nature and extent of each change and/or modification;
   b) The reason for each change and/or modification;
   c) The date of each change and/or modification;
   d) The name, address, telephone number, place of employment and job title of each person who authorized and/or directed the changes and/or modifications;
   e) The purpose of each test;
   f) The results of each test;
   g) The location where each test was performed;
   h) The name, address, job title and place of employment of the custodian of any documents which reflect the tests performed.

**ANSWER:**

15.     Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

   a) Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and Photographs or videotapes showing the Plaintiff;
   b) State the number of photographs taken.
   c) State the date when each photograph was taken.
   d) State the name, address and phone number of person conducting any type of surveillance of Plaintiff.

**ANSWER:**

16.     State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

**ANSWER:**

6

EXHIBIT A

El Paso County - 327th District Court

Filed 5/1/2020 12:47 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1460

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| EDWIN SORIA | § | |
| | § | |
| ·Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| SUNSTATE EQUIPMENT CO., LLC, and | § | |
| TERAX CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

## TO:  SUNSTATE EQUIPMENT CO., LLC

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Ave. Suite 100, El Paso, Texas 79901.

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted. Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

EXHIBIT A

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

2.

# EXHIBIT A

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

**NOTE:** For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:     /s/ Victor J. Bieganowski
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Edwin Soria*

3

## **REQUEST FOR PRODUCTION**

"Scissor Lift" is defined as the same or similar model Terex Scissor Lift, which is also known as a Genie FR 20 Scissor Lift.

**1.**     All tangible evidence you rely upon to claim the occurrence in question was caused by anything other than a defect in the "Scissor Lift" in question.

### **ANSWER:**

**2.**     All evidence you will rely upon as to any cause of the occurrence other than a design, manufacturing or marketing defect.

### **ANSWER:**

**3.**     Alternative designs by your company to the "Scissor Lift" in question.

### **ANSWER:**

**4.**     Alternative designs by others in your industry to the "Scissor Lift" in question.

### **ANSWER:**

**5.**     All documentation, studies, reports to deny any alternative design to your "Scissor Lift" is not technologically or economically feasible.

### **ANSWER:**

**6.**     Plans on the "Scissor Lift."

### **ANSWER:**

**7.**     Specifications on the "Scissor Lift."

### **ANSWER:**

**8.**     All material specifications for the "Scissor Lift."

### **ANSWER:**

**9.**     All invoices for materials used for the "Scissor Lift."

### **ANSWER:**

**10.**     All tests on the "Scissor Lift."

4

**ANSWER:**

**11.** All material supplier documentation on the "Scissor Lift."

**ANSWER:**

**12.** All contracts and agreements on the ordering, design, manufacture, and marketing of the "Scissor Lift."

**ANSWER:**

**13.** All warnings and instructions on the risk use of this "Scissor Lift".

**ANSWER:**

**14.** All records, files, maintenance records, reports, purchase/sale documents, invoices and documents concerning the "Scissor Lift," made the basis of this suit.

**ANSWER:**

**15.** The Declaration Sheet and policy of insurance insuring Defendant in this case, together with any reservation of rights, declining of coverage and all umbrella policies.

**ANSWER:**

**16.** Any photographs, drawings, maps, video recordings, motion pictures, tapes, audio recordings, graphic depiction or other tangible evidence concerning the scene of the incident, the "Scissor Lift" involved, or the parties or witnesses to this case.

**ANSWER:**

**17.** All investigation reports, incident reports, statements by witnesses (written or recorded) in your possession concerning the incident made the basis of this suit.

**ANSWER:**

**18.** Any and all files, billing, reports, mental impressions, opinions, notes resumes, physical models, compilation of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

**ANSWER:**

5

EXHIBIT A

19.   Any photographs and video recordings of any surveillance of Plaintiff.

**ANSWER:**

20.   All medical records of Plaintiff received from any source in your possession.

**ANSWER:**

21.   A complete set of engineering specifications, and/or drawings of the "Scissor Lift."

**ANSWER:**

22.   Any advertisement (including, but not limited to T.V/radio/print/social media platforms, etc.) concerning the "Scissor Lift."

**ANSWER:**

23.   Any invoices, shipping documents, bills of lading, order manufacturer contract, part or equipment purchases or estimates concerning the "Scissor Lift" made the basis of this suit.

**ANSWER:**

24.   Operating and/or safety manual for the "Scissor Lift."

**ANSWER:**

25.   All design files for the "Scissor Lift" in question, including, but not limited to, handwritten changes, notes, and computer records.

**ANSWER:**

26.   All rules, regulations and standards of your company relating to the production and use of the "Scissor Lift."

**ANSWER:**

27.   All safety rules, regulations and standards of your company relating to the production and use of the "Scissor Lift."

**ANSWER:**

28.   All contracts, bill of sale, leases, agreements, maintenance agreements, invoices, purchase orders, service agreements, service call records and all other records concerning the "Scissor Lift."

**ANSWER:**

**29.** Any brochure, warranty, operating manual or service manual involving the "Scissor Lift."

**ANSWER:**

**30.** All patents on the "Scissor Lift."

**ANSWER:**

**31.** For each incident of which you have information where it was alleged that the "Scissor Lift" provided by your company caused injuries and/or death within the last ten (10) years, provide:
    a) Copy of all incident and/or accident reports and investigative files;
    b) Copies of all pleadings, judgments, depositions and settlements thereon.

**ANSWER:**

**32.** The warranty that came with the "Scissor Lift" made the basis of this suit.

**ANSWER:**

**33.** All information, warnings and instructions given to users, service personnel and purchasers on operating the "Scissor Lift."

**ANSWER:**

**34.** Any governmental reports, correspondence or complaints (including CPSC and OSHA reports) on the "Scissor Lift."

**ANSWER:**

**35.** Any and all photographs, motion picture films, video recordings, test films or videos, written reports, computer printouts and any testing that evaluated any aspect of the "Scissor Lift."

**ANSWER:**

**36.** Any information on performance testing of the "Scissor Lift" in question.

**ANSWER:**

**37.** Comparative test results on the "Scissor Lift."

**ANSWER:**

**38.** All inspection reports or tests concerning the "Scissor Lift."

**ANSWER:**

EXHIBIT A

39.     Any statement made by Plaintiff, Defendant(s) or the manufacturer or other person(s) in the chain of commerce involved in the the "Scissor Lift" that deal with the "Scissor Lift" or any other company involving the claim made the basis of this suit, whether written or recorded.

**ANSWER:**

40.     Computer records, warranty claims showing complaints, claims, or warranty work resulting from problems associated with the "Scissor Lift."

**ANSWER:**

41.     Advertisements and brochures for the "Scissor Lift."

**ANSWER:**

42.     Internal reports, memorandums, engineering information, studies or other information which criticize or recommend against the "Scissor Lift."

**ANSWER:**

43.     All training manuals on the "Scissor Lift."

**ANSWER:**

44.     Any modification(s) made to the "Scissor Lift" after the date of this incident.

**ANSWER:**

45.     All computer records in your possession concerning the "Scissor Lift."

**ANSWER:**

46.     All e-mail records in your possession concerning the "Scissor Lift."

**ANSWER:**

47.     Service call sheets on the "Scissor Lift" involved in this case.

**ANSWER:**

48.     All checklists for maintenance and service on the "Scissor Lift" made the basis of this suit.

**ANSWER:**

49.     All notices, citations, letters, communications, or other inquiries from governmental entities relating to problems with the "Scissor Lift."

EXHIBIT A

**ANSWER:**

**50.**     All communications, letters, correspondence, tapes, documents, statements and other written communications which involve claims made the basis of this suit.

**ANSWER:**

**51.**     Any video recordings photographs, and/or other demonstrative evidence on how to use the "Scissor Lift" in question.

**ANSWER:**

**52.**     All physical models and exhibits which depict the scene, the "Scissor Lift" or the incident.

**ANSWER:**

**53.**     Copies of any complaint or notification concerning the existence of any alleged defect or defective condition or problem in the "Scissor Lift," to include documentation as to when Defendant or any agent or employee of Defendant first received a complaint or notification of the existence of such alleged condition, giving the date and time; how, when and by whom (name, address and phone number) the Defendant or any agent or employee of the Defendant learned of the existence of any such condition; and what action(s), if any, the Defendant or any agent or employee of the Defendant took to remove, repair or correct such condition so as to safeguard the Plaintiff of any user of the "Scissor Lift."

**ANSWER:**

**54.**     Any statement made by Defendant or other person(s) in the chain of commerce involved with the "Scissor Lift" or any other company involving the claim made the basis of this suit in your possession, whether written or recorded.

**ANSWER:**

**55.**     The entire investigative file of Defendant concerning any investigation of the injury or incident made the basis of this suit generated prior to notice of Plaintiff's claim.

**ANSWER:**

**56.**     Any computer list or compilation of defects in the "Scissor Lift" which could have contributed to the injury made the basis of this suit.

**ANSWER:**

**57.**     All quality control and/or defect slips concerning the "Scissor Lift."

**ANSWER:**

9

**58.**   Tests, inspections and quality assurance certificates of the "Scissor Lift."

**ANSWER:**

**59.**   All communications, letters, correspondence, electronic communications including e-mails, drawings and all other communications regarding any alteration, modification and/or installation of any piece of equipment manufactured, placed and/or installed onto the "Scissor Lift" involved in this incident.

**ANSWER:**

**60.**   Recalls, silent recalls, complaints, claims and lawsuits alleging "Scissor Lift" problems.

**ANSWER:**

**61.**   All documents obtained pursuant to any authorization signed by Plaintiff.

**ANSWER:**

**62.**   Any subsequent remedial measures or replacement or repairs made to the "Scissor Lift."

**ANSWER:**

**63.**   Any data-bank or computer information document listing claims, defects, potential causes or complaints on the "Scissor Lift" in question.

**ANSWER:**

**64.**   Any complaint, notice, finding, engineering analysis warning or recall issued by any governmental entity on the "Scissor Lift."

**ANSWER:**

**65.**   Defendant's in-house investigation of other similar incidents.

**ANSWER:**

**66.**   Statistics, studies, epidemiology reports, summaries, surveys, etc. of other similar incidents.

**ANSWER:**

**67.**   Produce any documents responsive to all of Plaintiff's Interrogatories served upon you in this case.

**ANSWER:**

EXHIBIT A

El Paso County - 327th District Court

Filed 5/1/2020 12:47 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1460

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

EDWIN SORIA                                         §
                                                    §
        Plaintiff,                                  §
                                                    §
v.                                                  §    Cause No. 2020-DCV-_____
                                                    §
SUNSTATE EQUIPMENT CO., LLC, and                    §
TERAX CORPORATION,                                  §
                                                    §
        Defendants.                                 §

## NOTICE OF INTENTION TO TAKE DEPOSITION

### TO:   THE AUTHORIZED REP. FOR SUNSTATE EQUIPMENT CO., LLC

Pursuant to the Texas Rules of Civil Procedure, you are notified of our intention to take the oral deposition of the following witness which will begin at the designated time and continue thereafter until completed.

**WITNESS:**   THE AUTHORIZED REP. FOR SUNSTATE EQUIPMENT CO., LLC
               8660 Castner Dr.
               El Paso, Texas 79907
**DATE:**      August 11, 2020
**TIME:**      9:00 O'Clock A.M.
**LOCATION:**  Associated Court Reporters
               Wells Fargo Plaza, 221 N Kansas St, El Paso, TX 79901

### A SUBPOENA IS REQUESTED: _____ YES __X__ NO

Such deposition, when taken, will be used as evidence at the trial of the above styled cause.

                              Respectfully submitted,

                              **VICTOR J. BIEGANOWSKI, P.C.**
                              801 Myrtle Ave., Suite 100
                              El Paso, Texas 79901
                              T: 915-264-1800
                              F: 915-759-4007
                              vbieganowski@vjblaw.net

              By:    _/s/ Victor J. Bieganowski_
                     **VICTOR J. BIEGANOWSKI**
                     State Bar No. 02301100