IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

EDWIN SORIA and
MELISSA NAVARO                    §
                                  §
        Plaintiff,                §
                                  §
v.                                §          NO.  EP-20-CV-00221-DCG-MAT
                                  §
TEREX CORPORATION, GENIE          §
INDUSTRIES, INC, and              §
SUNSTATE EQUIPMENT CO., LLC       §
                                  §
        Defendants.               §

## ORDER

Before the Court are Plaintiffs Edwin Soria and Melissa Navaro's ("Plaintiff") "Motion to Compel Inspection of Lift" ("Motion") (ECF No. 44), filed on December 28, 2021; and Defendant Sunstate Equipment Co., LLC's ("Defendant") "Sunstate's Response in Opposition to Plaintiff's Motion to Compel Additional Inspection of the Lift" ("Response") (ECF No. 45), filed on January 4, 2022.[1] For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## I.    BACKGROUND

On May 1, 2020, Plaintiff initially brought this action in the 327th Judicial District Court of El Paso County, Texas, asserting claims for personal injury after Plaintiff Soria fell off a hydraulic lift ("Lift") due to Defendant's alleged negligence. (ECF No. 1, Ex. A p. 8-10); (ECF No. 44, p. 1).[2] On July 27, 2020, Defendant answered with a general denial. (ECF No. 1) (Exhibit

---

[1] In analyzing the instant motions, the Court considered the corresponding arguments, but will not recite the briefing unless necessary.

[2] In the underlying lawsuit, Defendant was sued for strict liability in tort, negligence (product liability), and negligence (workplace safety) based on Plaintiff's injuries purportedly sustained from falling off the "scissor lift" machine he was working on. (ECF No. 1, Ex. A p. 6-10).

I, p. 31). Subsequently, Defendant removed this matter to federal court under diversity jurisdiction. (ECF No. 1).

On December 28, 2021, Plaintiff filed the instant Motion before the Court. In this Motion, Plaintiff argues that his experts should be allowed to inspect the Lift at issue a second time pursuant to Plaintiff's Request for Production. (ECF No. 44, p. 1). Defendant filed its Response on January 4, 2022, countering that Plaintiff's Motion should be denied because Plaintiff already conducted an inspection of the Lift prior to filing this lawsuit. (ECF No. 45, p. 1-2). Here, Plaintiff seeks an Order compelling Defendant to permit and inspection of the Lift prior to February 2, 2022. (ECF No. 44, p. 4).[3]

## II.     LEGAL STANDARD

"Discovery matters are entrusted to the 'sound discretion' of the district court."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990)). Discovery rules are afforded "a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Upkins v. Lexington Ins. Co.*, No. 07-3906, 2008 WL 11515917, at *4 (E.D. La. Nov. 10, 2008) (citing *Herbert v. Lando*, 441 U.S. 153, 176 (1979)). Federal Rule of Civil Procedure ("Rule") 26(b)(1) outlines that "parties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

Rule 34 permits entry onto land as a means of discovery within the scope of Rule 26(b). *Brabo Int'l Group Inc. v. United Fire*, No. 19-66, 2020 WL 6440709, at *2 (S.D. Tex. Aug. 6,

---

[3] The Court finds that the parties have conferred on the Lift inspection issue after review of Plaintiff's Certificate of Conference and the letters attached as exhibits to Plaintiff's Motion. (ECF No. 44-2, p. 1).

2020); Fed. R. Civ. P. 34(a)(2) ("A party may serve on any other party a request . . . to permit entry onto designated land or other property . . . so that the requesting party may inspect . . . any designated object or operation on it."). The request must be reasonably specific: "[it] must describe with reasonable particularity each item or category of items to be inspected," as well as "specify a reasonable . . . manner for the inspection and for performing the related acts." *Brabo*, 2020 WL 6440709, at *2 (quoting Fed. R. Civ. P. 34(b)(1)(A-B)). Rule 26(b) places limits on discovery if the request is unreasonably cumulative, burdensome, or expensive in proportion to its likely benefit. Fed. R. Civ. P. 26(b)(2)(c). To assess whether the burden of the sought discovery outweighs its benefit, courts must consider the following: "(1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues." *Id* (b)(1).

Rule 37 governs the process to compel a party to produce requested discovery. Fed. R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure . . ."). Specifically, "[a] party seeking discovery may move for an order compelling . . . inspection" if "a party fails to respond that inspection will be permitted—or fails to permit the inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). With exceptions, if the motion is granted, "the court must require the party who necessitated the motion . . . to pay the movant's reasonable expenses associated with the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A)(i-iii) (directing the court not to order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other

circumstances make an award of expenses unjust.").[4]

### III.    ANALYSIS

**A. <u>Plaintiff's request for a second inspection of the Lift is not an unreasonably burdensome, cumulative, or duplicative discovery request.</u>**

The Court finds that, pursuant to Rules 26(b)(1) and 34(a)(2), Defendant shall permit Plaintiff to conduct an inspection of the Lift at issue in this case because Plaintiff's request for inspection is a relevant and specific discovery request. Considering that this matter arises from an accident where Plaintiff sustained alleged injury after falling from the Lift, that Lift itself is indeed relevant to the Plaintiff's claim. As a centerpiece of this lawsuit, a second inspection of said Lift is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). Further, Plaintiff's request is sufficiently specific insofar as Plaintiff requests only one day for his experts to inspect the Lift at its location, and re-assemble it after the inspection. *See* Fed. R. Civ. P. 34(b)(1)(A-C); (ECF No. 44, p. 3, 4). To the extent Plaintiff's request does not specify an exact day or time for the inspection, the Court notes that Plaintiff offers to conduct the inspection "with appropriate parameters and protocol on a scheduled day to try and mitigate any amount of inconvenience to Defendant Sunstate." (ECF No. 44, p. 3, 4).

The Court further finds that Plaintiff's request is not unreasonably burdensome, cumulative, or expensive. Given that this case revolves around purported "life-altering injuries" involving the Lift, the Lift is a critical element of discovery and the issues surrounding it are paramount to the litigation. *See* Fed. R. Civ. P. 26(b)(2)(c). Further, in light of the substantial damages claimed, a second inspection is not unwarranted. *Id.* Moreover, any burden on the parties' resources is minimal. Defendant maintains that it is burdensome for its expert and counsel from

---

[4] As Plaintiff's Motion did not request monetary sanctions, the Court will not address the issue in this Order.

the first inspection to have to travel to the site again. *Id.*; (ECF No. 45, p. 6). The Court notes, however, that Defendant also has retained local counsel, and that the Lift does not have to be transported.  Thus, the request for a second inspection is not unreasonable or an outsized burden in relation to the consequence of this discovery.

**B.  Defendant's case law is distinguishable from the instant matter, and fails to show the Plaintiff's request for a second inspection is unreasonably burdensome.**

The supporting case law Defendant cites in its Response is not sufficiently on point with the instant matter to justify denial of Plaintiff's Motion. Each of Defendant's authorities involve three or more inspections in the context of personal property damage. *See generally Young v. State Farm Fire*, No. 06-9871, 2007 WL 2127871, at *1 (E.D. La. July 25, 2007) (holding that seven prior inspections of Plaintiff's home were unduly burdensome where Plaintiff was displaced to Connecticut and would have to return to New Orleans for the inspection); *Upkins v. Lexington Insurance Co.*, 2008 WL 11515917, at *1 (denying a fourth request for an inspection of Plaintiff's home after claims adjusters and a structural engineer had already inspected the tornado damage, with one inspection during the course of discovery); *Fischer v. Encompass Indemnity*, No. 06-2498, 2007 WL 1087586, at *1 (E.D. La. Nov. 10, 2008) (finding a fourth inspection of Plaintiff's home impermissibly cumulative and duplicative of earlier inspections, where two adjusters and a retained engineer had already inspected the hurricane damage).

Here, it is undisputed that Plaintiff has only inspected the Lift one time, and that it occurred prior to the filing of the lawsuit. (ECF No. 44, p. 1); (ECF No. 45, p. 1). Moreover, unlike Defendant's cited authorities, the Court notes that the commercial setting of this inspection does not impose a burden on a subject more intrusive, such as a personal residence. In sum, while these cases illustrate valid concerns with multiple inspections, this Court finds that the instant matter is

distinguishable.

In contrast, the case Plaintiff cites is more immediately applicable to the issue in question. In *Brabo Int'l Group v. United Fire & Casualty Co.*, the court allowed the defendant's expert to conduct a second inspection of the plaintiff's commercial warehouse after a hailstorm. *See* 2020 WL6440709, at *1. The defendant's expert had visited the plaintiff's properties on eight occasions, but had only conducted one actual inspection in 2017. *Id.* The defendant then requested a follow-up inspection in 2020, more than two years later, citing the "the elapsed years and additional weather events" since the first inspection. *Id.* Over the plaintiff's objection, the court granted the defendant's request for an additional inspection, stating that "[i]t is not unreasonable to allow an expert to conduct a second *inspection* almost two-and-a-half years after the original inspection." *Id.* at *2.   Moreover, the court found the burden on the plaintiff to be minimal, as the plaintiff simply "articulated the relatively minor burden of needing to have a person present on [the p]laintiff's behalf during the inspection." *Id.* The court ultimately held that the "[d]efendant's request for an additional roof inspection is a request to conduct a form of discovery within the discovery deadline, and [the p]laintiff has not articulated an unreasonable burden caused by the request." *Id.*

Similar to *Brabo*, here Plaintiff's request for a second inspection is properly characterized as a discovery request within the deadline. Although Defendant argues that *Brabo* is inapplicable in that the same expert performed both inspections there, and that the elapsed time affected the property damage, the *Brabo* court did not hinge its holding on either of those points. *See id.* Rather, the Court finds that *Brabo* is on point insofar as the court there allowed a second inspection over two years later within the scope of timely discovery, when, as here, Plaintiff's main objection was the "minor burden" of having to make its representatives available for the second inspection. *Id.*

For these reasons, the Court finds *Brabo* instructive, and concurs with the outcome in that case. Accordingly, the Court finds that a second inspection of the Lift is not an unreasonably burdensome, cumulative, or duplicative request in the instant case.

### C.  <u>There is insufficient evidence to conclude that Plaintiff and Defendant agreed to the first inspection being the sole inspection in this lawsuit.</u>

Defendant's reliance upon a supposed understanding that the first inspection would be the only inspection of the Lift is misplaced and not controlling in the analysis at hand. Notwithstanding, the Court will address it herein. Defendant contends that "the First Inspection was intended to be the only inspection of the Lift" (ECF No. 45, p. 1), that "Plaintiffs admit that [Defendant] conditioned the First Inspection on it being the only inspection (ECF No. 45, p. 6), and that "Plaintiffs knew the First Inspection was to be the sole inspection" (ECF No. 45, p. 9). Notably, Defendant does not provide any relevant authority stating that one pre-suit inspection can bar any subsequent inspection. On the other hand, Plaintiff contends that the first inspection was "merely a preliminary initial inspection," and "there was never an agreement" that the first inspection would be the only one. (ECF No. 44, p. 2).

Plaintiff's exhibits bolster his position. In two letters to Plaintiff's counsel prior to the first inspection, the claims adjuster advised that the first inspection may be Plaintiff's only opportunity to inspect *prior the condition of the Lift changing*. (emphasis added) (ECF No. 44-2, p. 5) ("This is your sole opportunity to participate in inspection of the Lift before the condition of the Lift is changed."; (ECF No. 44-3, p. 7) ("As stated previously, this may be your only opportunity inspect the Lift prior to alternation, modification, maintenance . . . or other activities that may permanently affect the condition of the Lift."). In his own correspondence, Plaintiff's counsel referred to the first inspection as "cursory," and never appeared to stipulate to this first inspection being the only

inspection. (ECF No. 44-2, p. 14). These exhibits fail to show that the parties reached a meeting of the minds that this first inspection would be the sole inspection. Thus, to the extent that Defendant relies upon this line of argument to deny Plaintiff's Motion, the Court is not persuaded.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Compel (ECF No. 44) is hereby **GRANTED**. Accordingly, Defendant shall make the Lift in dispute available for Plaintiff to conduct an inspection.

**IT IS FURTHER ORDERED THAT** this inspection of the Lift shall take place on or before February 7, 2022, in advance of the February 9, 2022 Scheduling Order deadline for testifying expert designation. (ECF No. 43, p. 1).

**SIGNED** and **ENTERED** this ___28th___ day of January, 2022.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE